# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ] | |
| ] | |
| ] | |
| **v.** ] | **2:23-cr-102-ACA-NAD-1** |
| ] | |
| **MARCO ANTONIO GALVAN,** ] | |
| ] | |
| **Defendant.** ] | |

## ORDER

Defendant Marco Antonio Galvan moved to suppress evidence obtained from an April 26, 2022 search of the car he was driving. (Doc. 17). After an evidentiary hearing (doc. 27), and post-hearing briefing (docs. 28, 29), the magistrate judge entered a report recommending that the court deny the motion to suppress (doc. 30). Mr. Galvan objects to (1) the factual finding that he was shaking when Officer Lakenderick Edwards stopped him; (2) the legal conclusion that Officer Edwards had reasonable suspicion of criminal activity when he prolonged the stop by (a) radioing another officer and searching the License Plate Reader system, (b) asking about the availability of a drug-detection dog, and (c) questioning Mr. Galvan about the presence of contraband and requesting consent to search the

car. (Doc. 31). The court finds the report and recommendation thorough, precise, and very well-reasoned and **OVERRULES** Mr. Galvan's objections.

The court declines to disturb the magistrate judge's factual finding that Mr. Galvan "was 'shaking' during the 'initial contact.'" (Doc. 30 at 37). The finding is based on Officer Edwards's testimony, which the magistrate judge found "fully credible." The court is bound by that credibility determination in the absence of a rehearing. *Amlong & Amlong, P.A. v. Denny's Inc.*, 500 F.3d 1230, 1250 (11th Cir. 2007) ("[A] district court may not override essential, demeanor-intensive fact finding by a magistrate judge without hearing the evidence itself or citing an exceptional justification for discarding the magistrate judge's findings."); *United States v. Cofield*, 272 F.3d 1303, 1306 (11th Cir. 2001). But when, as here, the defendant concedes an officer's credibility, there is no reason for the court to make its own determination. (*See* doc. 31 at 2 (acknowledging that Officer Edwards "testified truthfully").

Moreover, sustaining Mr. Galvan's objection would require the court to ignore Officer Edwards's testimony that his opinion was based on various observations throughout the relevant period (doc. 27 at 62–63) and instead rely on two clips of poor-quality video where Mr. Galvan's hands do not appear to shake. The court declines the invitation. A credible witness's personal observation of a person's demeanor throughout their interaction should weigh more than a judge's

opinion of whether—or to what degree—a person's hand shakes during two points of that interaction.

With respect to the magistrate judge's legal conclusions, the court agrees that Officer Edwards had reasonable suspicion to investigate other criminal activity during its otherwise lawful traffic stop. Reasonable suspicion is a less demanding standard than probable cause and requires only a "minimal level of objective justification." *United States v. Acosta*, 363 F.3d 1141, 1145 (11th Cir. 2004). Mr. Galvan's objection to the report and recommendation contends that, when viewed in isolation, some of the factors Officer Edward articulated as the basis for his reasonable suspicion had alternative plausible explanations that did not suggest criminal activity. (Doc. 31 at 4). Perhaps. But that is not the analysis. The Fourth Amendment does not employ a rigid test; it rests on the totality of the circumstances. *United States v. Boyce*, 351 F.3d 1102, 1107 (11th Cir. 2003). Under that standard, the magistrate judge correctly determined that Officer Edwards's reasonable suspicion of other criminal activity justified Mr. Galvan's detention beyond the time reasonably required to complete the mission of the stop. *Rodriguez v. United States*, 575 U.S. 348, 354–55 (2015).

The court therefore **ADOPTS** the report and **ACCEPTS** the recommendation. The court **DENIES** Mr. Galvan's motion to suppress.

**DONE** and **ORDERED** this October 19, 2023.

_____
**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE